Murray M. MEEKER, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 02–3239.

United States Court of Appeals,
Federal Circuit.

Oct. 22, 2002.

Before SCHALL, BRYSON, and LINN,
Circuit Judges.

DECISION

PER CURIAM.

Murray M. Meeker petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied his petition for enforcement of a December 31, 1998 order of the Board. *Meeker v. Office of Pers. Mgmt.*, No. DC–300A–98–0467–C–1, 2002 WL 602754 (Apr. 12, 2002). We *affirm.*

DISCUSSION

I.

Mr. Meeker is an applicant for the position of Administrative Law Judge ("ALJ"). ALJs are selected following an examination. In order to be able to take the examination, an applicant must be rated "eligible" by the Office of Personnel Management ("OPM"). After the receipt of an "eligible" rating, an applicant takes the examination, which is administered by OPM. An applicant who obtains a passing score on the examination is placed on OPM's ALJ register. When a government agency has an ALJ vacancy, it requests a list of eligibles from the register. OPM provides the agency with a list of eligible and available applicants based on their final scores on the ALJ examination. The agency then selects from this list of eligibles to fill its ALJ position.

On April 8, 1998, OPM rated Mr. Meeker "ineligible" to take the ALJ examination because he had not been a lawyer in active status in the State of California (the jurisdiction of his admission to practice) during the seven-year period preceding his ALJ

application. Mr. Meeker appealed OPM's ineligibility determination to the Board. On December 31, 1998, the Board reversed OPM's ineligibility determination and issued the following order.

OPM is hereby ordered to *reevaluate [Mr. Meeker's] qualifications of eligibility* as an administrative law judge in the Federal Service without considering its qualification standard requiring that he establish that he has been licensed, in an active status, and authorized to practice law as an Attorney for a 7 year period prior to filing his Administrative Law Judge Application.

*Meeker v. Office of Pers. Mgmt.*, MSPB Docket No. DC–300A–98–0467–I–2 (Dec. 31, 1998) (emphasis added).

On February 2, 1999, OPM rated Mr. Meeker "eligible" to take the ALJ examination. By March 29, 1999, Mr. Meeker had completed three of the four parts of the examination. However, he had not completed the final part of the examination, the Personal Reference Inquiry ("PRI"). In Mr. Meeker's case, only five usable PRI responses were received by OPM. To be entitled to receive a score for the PRI part of the examination, at least seven usable PRI responses must be received by OPM. Because the PRI part of his examination was not completed, Mr. Meeker was not given a score for the ALJ examination.

On April 22, 1999, OPM suspended the ALJ examination and stopped processing all pending ALJ applications. This action was taken in response to the initial decision of the Board's Chief Administrative Law Judge in *Azdell v. Office of Pers. Mgmt.*, Docket No. DC–300A–97–0368–N–1. The initial decision in *Azdell* ordered OPM to discontinue use of its 1996 scoring formula for the ALJ examination. On October 20, 2000, in response to cross-appeals, the Board ordered OPM to "reconstruct the ALJ registers and all certificates of eligibles that were issued while the 1996 scoring formula was in effect." *Azdell v. Office of Pers. Mgmt.*, 87 M.S.P.R. 133 ¶ 61 (2000).[1] In due course, OPM recalculated the scores of the applicable applicants on the ALJ register. However, Mr. Meeker is one of 179 applicants who have not been able to complete the ALJ examination, which remains suspended.

On April 5, 2002, Mr. Meeker petitioned the Board for enforcement of its December 31, 1998 order. On August 3, 2001, in an initial decision, an administrative law judge ("AJ") of the Board denied Mr. Meeker's petition for enforcement. *Meeker v. Office of Pers. Mgmt.*, Docket No. DC–300A–98–0467–C–1 (Aug. 3, 2001). The AJ determined that OPM had complied with the December 31 order when, in response to the order, it reevaluated Mr. Meeker and rated him "eligible" and thereafter allowed him to take the ALJ examination. *Id.* On April 12, 2002, the AJ's initial decision became the final decision of the Board when the Board denied Mr. Meeker's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. *Meeker v. Office of Pers. Mgmt.*, Docket No. DC–300A–98–0467–C–1, 2002 WL 602754 (Apr. 12, 2002). This appeal followed.

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capri-

---

1. The Board's decision in *Azdell v. Office of Pers. Mgmt.*, 87 M.S.P.R. 133 (2000), *reconsideration denied*, 89 M.S.P.R. 88 (2001), is currently pending on appeal to this court as *Meeker v. MSPB*, Docket No. 02–3042.

cious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

On appeal, Mr. Meeker does not challenge the Board's finding that OPM complied with the December 31, 1998 order by reevaluating his eligibility for the position of ALJ without considering its qualification requirement that he be authorized to practice law for the seven-year period prior to filing his ALJ application. Rather, Mr. Meeker argues that, although he was rated "eligible" and was allowed to take the ALJ examination, and although it was reasonable for OPM to suspend the examination in the wake of the *Azdell* decision, OPM later acted arbitrarily and capriciously by suspending the processing of only certain ALJ applications. Specifically, Mr. Meeker argues that it was improper for OPM to rescore the examinations of applicants who had completed the examination prior to the *Azdell* decision but to refuse to allow applicants such as Mr. Meeker to complete the examination.

Mr. Meeker has not presented any reason why we should disturb the Board's denial of his enforcement petition. Not only does Mr. Meeker not challenge the Board's findings with respect to OPM's compliance with the December 31, 1998 order, but those findings are supported by substantial evidence in the form of the evidentiary material that is cited in the Board's decision. At the same time, Mr. Meeker's complaints about OPM's handling of the suspension of the ALJ examination simply are not relevant to the question of whether OPM did what it had to do in order to comply with the Board's December 31, 1998 order.

For the foregoing reasons, the final decision of the Board is affirmed.